# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. HULSEY, | CASE No.   1:09-cv-01826-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | (ECF No. 28) |
| OFFICER DIMMER, et al., | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |
| Defendants. | |
| _____/ | |

**I.     PROCEDURAL HISTORY**

Plaintiff David J. Hulsey is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on October 19, 2009 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Defendant Dimmer declined Magistrate Judge jurisdiction. (Decline of Jurisdiction, ECF No. 24.)

Plaintiff's Complaint was screened on April 22, 2011 and found to state a cognizable Fourth Amendment excessive force during the course of an arrest claim against Defendant, California Highway Patrol Officer Dimmer.[1] (Order, ECF No. 14.) On July 18, 2011, Defendant filed his answer to the Complaint. (Answer, ECF No. 21.) On

---

[1] Defendant California Highway Patrol has been dismissed from this action. (ECF No. 14.)

August 1, 2011, the Court issued its discovery and scheduling order, setting a discovery cut-off of April 1, 2012 and a dispositive motion deadline of June 11, 2012. (Disc. and Sched. Order, ECF No. 22.)

On June 8, 2012, Defendant filed the instant motion for summary judgment or adjudication of issues. (Mot. Summ. J., ECF No. 28.) On July 19, 2012, the Court issued its order notifying Plaintiff of requirements for opposing summary judgment[2] and ordering Plaintiff to file opposition or a statement of non-opposition thereto by not later than August 13, 2012. (Order Req. Opp'n, ECF No. 29.) The August 13, 2012 deadline has passed without Plaintiff filing opposition, a statement of non-opposition, or requesting an extension of time to do so. The motion for summary judgment is now ready for ruling.

## II.     FACTUAL BACKGROUND

The facts, viewed in the light most favorable to Plaintiff, are as follows:

During the late night of April 25, 2009, and early morning of April 26, 2009, Plaintiff tried to run from Defendant. (Compl. at 3.)

After several hundred yards of chase, Defendant subdued Plaintiff by tackling him. Plaintiff put his hands forward to break his fall and lost consciousness as Defendant wrestled his hands behind his back and applied handcuffs. (Id.)

Several hours later Plaintiff awoke in a hospital with multiple wounds to his face and head, requiring 18 to 25 stitches to close and bruising and swelling from what appears to be a baton/nightstick strike. (Id. at 3-4.)

## III.    LEGAL STANDARD

### A.     Summary Judgment

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

---

[2] Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). While the Court *may* consider other materials in the record not cited to by the parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

As the moving party, Defendant bear the initial burden of proving the absence of a genuine dispute of material fact. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Because Plaintiff bears the burden of proof at trial, Defendants need only prove that there is an absence of evidence to support Plaintiff's case. In re Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 326). If Defendants meet their initial burden, the burden shifts to Plaintiff to designate specific facts demonstrating the existence of genuine issues for trial. Id. (citing Celotex, 477 U.S. at 324). However, Plaintiff need not file any countervailing declarations or other materials if Defendants' papers are insufficient on their face to demonstrate the lack of any material issue of fact. Kaiser Cement Corp. v. Fischbach and Moore, Inc., 793 F.2d 1100, 1103-04 (9th Cir. 1986); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985).

In resolving Defendants' motion for summary judgment, all of the evidence must be viewed in the light most favorable to Plaintiff as the non-moving party, Garcia v. County of Merced, 639 F.3d 1206, 1208 (9th Cir. 2011); Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011), and all reasonable inferences must be drawn in his favor, LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1136 (9th Cir. 2009); Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 763 (9th Cir. 2006). Further, Plaintiff's papers are treated more indulgently since he is the nonmoving party. Lew, 754 F.3d at 1423.

1    Summary judgment must be entered, "after adequate time for discovery and
2 upon motion, against a party who fails to make a showing sufficient to establish the
3 existence of an element essential to that party's case, and on which that party will bear
4 the burden of proof at trial." Celotex, 477 U.S. at 322.
5    The parties bear the burden of supporting their motions and oppositions with the
6 papers they wish the court to consider and/or by specifically referencing any other
7 portions of the record they wish the court to consider. Carmen, 237 F.3d at 1031. The
8 Court will not undertake to mine the record for triable issues of fact. Id.
9    **B.    Fourth Amendment - Excessive Force**
10    A claim that a law enforcement officer used excessive force during the course of
11 an arrest is analyzed under the Fourth Amendment and an objective reasonableness
12 standard. Graham v. Connor, 490 U.S. 386, 395 (1989). Under this standard, "'[t]he
13 force which [i]s applied must be balanced against the need for that force: it is the need
14 for force which is at the heart of the Graham factors.'" Liston v. County of Riverside,
15 120 F.3d 965, 976 (9th Cir. 1997), (quoting Alexander v. City and County of San
16 Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)). The Graham factors which follow are a
17 non-exhaustive list of considerations used to measure the amount of force that is
18 necessary in a particular situation: "[1] the severity of the crime at issue, [2] whether the
19 suspect poses an immediate threat to the safety of the officers or others, and [3]
20 whether he is actively resisting arrest or attempting to evade arrest by flight." Graham,
21 490 U.S. at 396.
22    "The right to employ 'some degree of physical coercion or threat thereof' to effect
23 an arrest accompanies the right to make the arrest . . . ." Brooks v. City of Seattle, 599
24 F.3d 1018, 1025 (9th Cir. 2010) (quoting Graham, 490 U.S. at 396). However, the force
25 applied must be necessary to be reasonable. Where police have control over a suspect,
26 the use of further force to bring the suspect under control may be unreasonable. Id.
27 **IV.   ANALYSIS**
28    Plaintiff claims Defendant violated his Fourth Amendment rights by using

excessive force in effectuating his arrest.

Defendant has submitted competent evidence that Plaintiff attempted to flee. (Undisputed Facts, ("UFs") 1-3.) Plaintiff abandoned his vehicle allowing it to roll into two other vehicles. (UF 4.) Defendant gave chase on foot. (UF 5.) Plaintiff disobeyed Defendant's command to stop. (UF 7.) Defendant caught Plaintiff, placed him in a control hold, and both fell forward to the ground. (UF 6.) Plaintiff accidentally sustained injuries to his face and head in the fall because there was broken glass on the ground. (UF 8.) Plaintiff has no personal knowledge of how he was injured. (UF13.) Plaintiff has no remaining injuries from the incident. (UF 14.) Defendant contends in his declaration he used only that force reasonably necessary to apprehend Plaintiff. (UF 15-16.)

Plaintiff failed to obey the Court's July 19, 2012 order that he file opposition or statement of non-opposition by August 13, 2012. He was expressly warned of requirements for opposing summary judgment and told that if he failed to contradict Defendant's motion with declarations or other evidence, Defendant's evidence would be taken as truth and final judgment would be entered without a trial. (Order, ECF No. 29, citing Fed. R. Civ. P. 56(e).) "There is no genuine issue of material fact on motion for summary judgment if opposing party fails to offer evidence sufficient to establish existence of element essential to that party's case." Naliielua v. State of Hawaii, D.Hawai'I, 795 F.Supp. 1015, 1017 (D.Hawai'i 1991) (citing Celotex Corp., 477 U.S. at 322).

Plaintiff's claim that his injuries show Defendant struck him with a baton or nighstick after he lost consciousness is mere supposition and speculation and insufficient to prove that claim or create a genuine dispute over that fact. Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (in a motion for summary judgment, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court is left with Defendant's undisputed evidence that Plaintiff, intoxicated, failed to stop his vehicle when Defendant illuminated his red light, abandoned his still

moving vehicle, ran from Defendant notwithstanding commands to stop, and sustained accidental injuries during apprehension. Defendant's evidence that he used only objectively reasonable force necessary to apprehend Plaintiff is the only competent evidence before the Court. Plaintiff's inability to establish that there is a genuine dispute of material fact on this issue precludes reliance on it to defeat summary judgment. Absence of evidence of such a fact is fatal to the showing of excessive force under the Fourth Amendment. See Graham, 490 U.S. at 396.[3]

## V.    CONCLUSIONS AND RECOMMENDATION

Defendant has carried his burden of demonstrating to the Court that there is no genuine issue of material fact on the issue of force reasonably necessary to apprehend Plaintiff. Plaintiff has failed to demonstrate a genuine issue of material facts as to this element of his § 1983 claim for Fourth Amendment excessive force. On such a claim Plaintiff bears the burden at trial. Therefore, no viable § 1983 claim has been presented and summary judgment is appropriate on this claim.

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that Defendant Dimmer's June 8, 2012 Motion for Summary Judgment (ECF No. 28) be GRANTED, the Clerk of the Court enter judgment thereon in favor of Defendant and against Plaintiff and thereupon close this action.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure

---

[3] Since the Court recommends that Defendant's motion for summary judgment be granted due to Plaintiff's failure to show a genuine issue of material fact as to his Fourth Amendment excessive force claim, it does not reach Defendant's qualified immunity argument.

to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    September 27, 2012            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE